## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

GHADA MOHAMMED AL ARIKI
AHMED YAHYA OTHMAN

      Plaintiffs,

v.

MERRICK GARLAND, Attorney General of
the United States, ALEJANDRO
MAYORKAS, Secretary of the Department of
Homeland Security (DHS), UR M. JADDOU,
Director of U.S. Citizenship and Immigration
Services (USCIS), , MICK DEDVUKAJ,
District Director of U.S. Citizenship and
Immigration Services (USCIS)

      Defendants.

_____/

CASE NO.:   22-10266

**COMPLAINT FOR WRIT OF
MANDAMUS UNDER 28 U.S.C.§ 1361.**

## **COMPLAINT**

COME NOW Plaintiffs in the above-captioned case, by and through undersigned counsel, and file this civil action to compel agency action to complete the adjudication of their I-485, Application for Adjustment of Status, as that the Petition is unreasonably delayed and state the following in support of this Complaint:

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Immigration and Nationality Act of 1952, 8 U.S.C. § 1101 et seq. ("INA"), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 1570.

2.  This Court has jurisdiction over this petition for a Writ of Mandamus under 28 U.S.C. § 1331,

28 U.S.C. § 2201, the Administrative Procedures Act (APA), 5 U.S.C. §§ 555(b), 701 et.

Seq., 701(a)(2), 706(1), and the Mandamus Act, 28 U.S.C.§ 1361.

3.  Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. §§

1391(b)(2) and (e). The Plaintiffs seek adjudication of I-485, Application to Register

Permanent Residence or Adjust Status, pursuant to 8 U.S.C. § 1255. Plaintiffs reside at

6634 Yinger Ave, Dearborn, MI 48126 Plaintiffs' applications are being adjudicated by

the USCIS District Field Office in Detroit, MI.

## PARTIES

4.  Plaintiff, Ahmed Yahya Othman, is a native and citizen of Yemen.

He is the spouse of U.S Citizens, both Plaintiff's married on February 1, 2019, in Dearborn,

Michigan.

5.  Plaintiff, Ghada Mohammed Al Ariki is a United States Citizen and the wife of Ahmed Yahya
Othman.

6.  Defendant, Merrick Garland is the Attorney General of the United States, whose office

address is US Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC

20530.

7.  Defendant, Alejandro Mayorkas, is the Secretary of the Department of Homeland Security

(DHS), whose office address is 245 Murray Lane, Building 410, SW, Washington, DC 20528.

8.  Defendant, Ur M. Jaddou, is the Director of U.S. Citizenship and Immigration Services

(USCIS), whose office address is USCIS, 20 Massachusetts Ave, NW, Washington, DC

20529.

9. Defendant, Mick Dedvukaj, is the District Director for USCIS in Detroit, Michigan, whose office address is USCIS, 11411 East Jefferson Avenue, Detroit, MI 48214.

10. Each Defendant is sued in his or her official capacity. Defendants are responsible for the adjudication of Plaintiffs' applications to be approved as an immediate relative of a U. S citizen (Spouse) and thus be able to Register as a Permanent Residence or Adjust Status pursuant to 8 U.S.C. § 1255.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. No exhaustion of remedy requirement applies to the Plaintiffs' complaint. Nonetheless, Plaintiffs, through counsel, have repeatedly inquired as to the status of their petition for Alien Relative and   application for lawful permanent residence.

12. Ms. Al Arki and Mr. Othman married on February 1, 2019, in Dearborn, Michgian, and filed an I-130 petition on July 3, 2019, the first step in the process for Mr. Othman to obtain permanent-resident status.

13. The couple initially appeared for I-130 interview the I-130 which establishes the bona fide marriage, and that application of the parties have approved on May 14, 2020.

14. Plaintiffs have applied for adjustment of status as the beneficiary of an approved visa petition and as that spouse of a United State Citizen on February 18 ,2020.

15. Plaintiff priority date is July 3, 2019.

16. More than 2 years have passed the application was not adjudicated.

17. Since plaintiff are the beneficiary of an approved visa petition, there is no need to interview plaintiff again, and still it has taken USCIS over 2 years to adjudicate plaintiff application for adjustment of status.

18. More than 2(two) years have lapsed since Petitioner filed their petition, , and even after numerous inquiries of the National Center USCIS refuses to perform its duty and adjudicate Plaintiff's Petition.

19. Plaintiffs' have been emailing and contacting the USCIS in connection with his pending application for adjustment of status, the response is that the office is currently reviewing the application=

20. According to USCIS website the processing time for an application to register as a permanent resident at USCIS Detroit office field office is from 9.5(nine and half) to 16.5 (sixteen and half) moth form that the date of receiving the application.

21. It has been over 2 (two) years since Plaintiff application to register as a permanent resident with USCIS.

22. On March 18, 2019, USCIS ended the process of individuals being able to schedule an appointment to speak with a USCIS officer in person at their local Field Office.

23. Instead, the new procedure requires the individual to call USCIS' customer service, where an officer determines if an in-person appointment is necessary. Then, the individual must stand by for a return phone call anytime (day or night, weekday or sometimes even on weekends, over the next 72 hours). If the call is missed or if the individual is driving at the time the call is received, the whole process must be reinitiated.

24. Counsel has not been provided the opportunity to schedule any appointments to inquire in person about the pending cases.

25. In alignment with its removal of customer service from its mission statement, USCIS has removed applicant's ability to personally inquire about a case at a local office.

## FACTUAL ALLEGATIONS

26. On October, 2021, USCIS published that the processing time for a family-based adjustment of status application was 11.5 months. Plaintiffs' applications have been pending 100% longer than the normal processing times.

27. When Plaintiffs' applications were originally filed, on, February 18 , 2020 USCIS' processing times for family-based adjustment of status applications were 9.5 to 16.5 months. *Id*. Thus, they expected USCIS to be done reviewing their applications in early 2021. Plaintiffs could not have imagined that almost Two (2) years after they filed their applications, USCIS is still processing them.

28. Plaintiffs' numerous inquiries have not resulted in the processing of their applications.

29. Other numerous applications as an immediate relative pending in Detroit , MI filed long after Plaintiffs' applications, have been scheduled and processed.

30. Plaintiffs' applications are unreasonably delayed. On December 23, 2016, USCIS raised filing fees. In implementing the new fee increase, DHS commented that these new fees "do not merely cover the cost of adjudication time. The fees also cover the resources required for intake of immigration benefit requests, customer support, fraud detection, background checks, and administrative requirements." U.S. Citizenship and Immigration Services Fee Schedule, 81 Fed. Reg. 73292 (December 24, 2016). *Federal Register: The Daily Journal of the United States Government,* https://www.federalregister.gov/documents/2016/10/24/2016-25328/us-citizenship-and-immigration-services-fee-schedule.

31. USCIS is a fee-funded agency. Each Plaintiff paid $1,225 to USCIS for the processing of their visa petition and application for adjustment of status..

32. According to 8 U.S.C. § 1571(b),

> It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition.

> Clearly, Congress did not contemplate an adjudication time of three (3) years or more.

33. Plaintiffs are not asking this Court to order USCIS to approve their pending applications to adjust status; instead, Plaintiffs are merely asking this Court to order USCIS to adjudicate their applications.

34. If for some reason USCIS has delayed adjudication of Plaintiffs' cases because Plaintiffs present a security risk to the United States, then it behooves USCIS to determine if this is the case quickly since Plaintiffs are in the interior of this country.

**CLAIMS FOR RELIEF**

35. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 34 above.

36. Defendants owe to Plaintiffs the duty to act on their applications.

37. Defendants have failed to exercise this duty.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court:

1. Assume jurisdiction over the matter;

2. Issue a Writ of Mandamus compelling Defendants to act and adjudicate Plaintiffs' I-485 on or before 30 days from filing of this complaint. Petition applications, or find that the adjudication of Plaintiffs' applications f has been inordinately delayed;

3. Award Plaintiff reasonable costs and attorney's fees; and

4. Award such further relief as the Court deems just and proper.

Dated: February 7 , 2022

Respectfully submitted,
/s/ Kareem El Nemr
Law Office of
Kareem El Nemr
28-30 Steinway St
Astoria, NY 11103
Tel: (917)-860-2164
Fax:(347)-507-5528
Email:
Kelnemr@elnemrlaw.
com